For meaning of Abbreviations, See Ternary Digest, page XII.

### No. 407
### LOVE v. QUEISSER
No. 19647. Supreme Court
On motion to certify. Dock. Feb. 28, 1926; 4. Abs. 160.

147. BILLS & NOTES—Is a note given to a director of a corporation to influence the voting of such director in a corporate matter void for want of consideration?

J. Wain Love executed a promissory note to Robert Queisser in consideration for which. Queisser agreed to cast his vote as a director in the Ohio Sanitariums Co. in favor of releasing Love from a land contract by virtue of which Love had agreed to sell certain land to the Company.

It seems that Love had a prospective purchaser for the land who would not buy the property until the Company had released Love from any obligation under a land contract wherein Love had agreed to deliver a warranty deed to the property when certain amounts had been paid. The Company was insolvent and had failed to make the payments provided for in the contract.

Later, Love sustained financial reverses which rendered him unable to pay the note and Queisser thereupon filed suit in the Cleveland Municipal Court. Love defended on the ground of illegality of the contract.

The judgment for Queisser against Love rendered by the Municipal Court was affirmed by the Court of Appeals.

Love, in the Supreme Court, raises the following questions:

1. Is a contract contrary to public policy and therefore unenforceable, under which,

(a) A director of a corporation is to be given a sum of money for voting as requested at a directors' meeting.

(b) A stockholder of a corporation is to be given a sum of money for voting as requested at a duly called and held meeting of the stockholders of such corporation.

(c) The stock of a director and stockholder of a corporation is to be purchased provided certain action is taken by the directors and

stockholders thereof at meetings to be subsequently held at which such director and stockholder is to be present and vote for the desired action.

2. Is a promissory note still in the hands of the original payee given as evidence of and in consideration of promises of the nature indicated in paragraph 1, above valid and endorseable?

Attorneys—White, Hammond, Brewer, and Curtiss for Love; Lamb, Vaughn and Lamb for Queisser; all of Cleveland.